**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DAVID L. GILLILAND, in his capacity as
Trustee of the David L. Gilliland Revocable Trust,

Plaintiff,

v. No. 2:24-cv-00065-MLG-KRS

DR. RAMMOHAN VENEPALLY and
EUGENE SAMUEL,

Defendant.

**MEMORANDUM OPINION AND ORDER DENYING**
**DEFENDANTS' MOTION TO STAY JUDGMENT**

Defendants Dr. Rammohan Venepally and Eugene Samuel seek a stay of judgment against them. The relief sought is straightforward, but the procedural history is unusual. This matter was transferred to this Court after Judge James O. Browning left the bench, but not before he held a hearing on the matter. Doc. 58. There, Judge Browning said he was likely to deny the motion, but he did not provide reasons for his inclination. Doc. 63. Accordingly, this Court has necessarily. undertaken an independent review of the parties' filings and the hearing transcript. Having completed that process, the outcome remains the same; the motion is denied.

**DISCUSSION**

The underlying claim in this matter arises from a promissory note issued by Gilliland to Defendants and a third individual, Robert Wiltshire. Doc. 58 ¶¶ 2-3. Judge Browning issued a judgment in favor of Gilliland on his breach of contract claim and ordered Defendants to pay the outstanding balance owed, plus interest and costs. Doc. 55 at 30. Defendants seek a stay of the judgment pending resolution of (ostensibly) related state litigation, for which they offer a supersedeas bond. Doc. 58 ¶¶ 2, 16.

Defendants first cite Federal Rule of Civil Procedure 62(b) in support of their request. Doc. 58 ¶ 6; Doc. 61 at 2. That provision allows a party to obtain a stay, with judicial approval, and after providing a bond or other security. Fed. R. Civ. P. 62(b). Whether to grant a request for bond is within the court's discretion. Fed. R. Civ. P. 62(b) advisory committee's notes to 2018 amendment. Four factors are material to that decision:[1] "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The movant bears the burden of establishing entitlement to relief. *Springer v. Seventh Jud. Dist. Ct.*, No. 1:23-CV-00499-MIS-JMR, 2023 WL 7130541 (D.N.M. Oct. 30, 2023) (internal citations omitted).

Addressing these factors here, the Court finds that Defendants have not satisfied the *Hilton* factors or shown their entitlement to a stay.

Defendants first assert that they are likely to succeed on the merits because the "undisputed evidence" supports their state law contract and fraud claims against Wiltshire, but their optimism

[1] The *Hilton* factors are typically applied when addressing a request for a stay pending appeal, and some courts have refused to apply them when considering a stay under Rule 62(b). *Rajala v. Gardner*, No. 09-2482, 2014 U.S. Dist. LEXIS 126673 *2 (2014) ("The Court finds the test inapplicable here because the case Defendants rely upon…addresses Fed. R. Civ. P. 62(c), which details with an injunction pending an appeal."). Other courts have taken a different view. *United States v. Moyer*, No. C 07-00510 SBA, 2012 U.S. Dist. LEXIS 99284 *6 (N.D. Cal. Aug. 12, 2008) ("Although it appears no court in the Ninth Circuit has ever expressly considered what factors should be used to determine whether or not a stay would be appropriate under Rule 62(b), this Court finds it proper to consider the same factors used to determine whether or not to stay an action under Rule 62(c)."); *Associated Elec. & Gas Ins. Servs. v. Rigas*, No. 02-7444, 2004 U.S. Dist. LEXIS 7027 *3 n.1 (2004) ("Regardless of which subsection Plaintiffs are invoking, to obtain a stay they must show [satisfaction of the factor test]."). The parties rely on the *Hilton* factors in their filings, however, and so the Court also addresses them in this opinion. Doc. 60 at 5-6; Doc. 61 at 6-9; *supra* at 5-6.

regarding their prospects in the state law proceedings has not yet been borne out. Doc. 61 at 6-7. A bench trial was held in the state court action earlier this summer, and the findings of fact and conclusions of law remain contested. Plaintiff's Proposed Findings of Fact and Conclusions of Law; Defendants' Proposed Post-Trial Findings of Fact and Conclusions of Law; Defendants' Objections to Plaintiff's Proposed Findings of Fact, *Las Cruces PET Imaging, LLC, et al. v. Rio Grande Hematology & Oncology, LLC, et al.* (2026) (No. D-307-CV-2023-02224). Further, no judgment has been entered in the case. *Id.* Defendants' argument is not persuasive, and the first *Hilton* factor weighs against them.

Second, Defendants will not suffer irreparable injury. They argue otherwise, averring that "[a]bsent a stay, Defendants may be forced to satisfy the Judgment in full while their related indemnification and fraud claims against Mr. Wiltshire remain pending, creating a substantial risk that Defendants will be unable to recoup amounts that may ultimately be determined to be Mr. Wiltshire's responsibility." Doc. 58 ¶ 9. Judge Browning previously addressed this issue.[2] He found (and this Court agrees) that payment of the judgment is part of Defendants' contractual obligations. Doc. 55. *See Edmonds v. Companie Generale Transatlantique*, 443 U.S. 256, 260, n. 8, 271, n. 30 (1979) ("[A] plaintiff obtaining a judgment against more than one concurrent tortfeasor may satisfy it against any one of them."). Fulfillment of a legal obligation is not an irreparable injury.[3] Doc. 63. That Defendants may have to pay Wiltshire's (alleged) portion of the

[2] "The Defendants…admit, however, that [Gilliland] can sue any one of the joint and severally liable parties and force them to sue each other to sort things out….Gilliland has decided to sue certain signatories to the Note, presumably because he has decided that the Defendants here are either: (i) wealthier and more likely to be able to satisfy a judgment; or (ii) more culpable for the breach of contract and for the business relationship falling apart."

Doc. 55 at 25-26.

[3] "Injury is generally not irreparable if compensatory relief would be adequate." *Tri-State Generation & Transmission Ass'n, Inc. v. Shoshone River Power, Inc.*, 805 F.2d 351, 355 (10th Cir.

judgment is a risk inherent to joint-and-several-liability and one that was part of the underlying agreement. Indeed, when Defendants executed the relevant contract with Gilliland, they assumed the risk of liability for a breach, including the obligation to make the other party whole. Even assuming that Wiltshire will file for bankruptcy, as Defendants allege, the allocation of contributions between joint wrongdoers is not properly before this Court. Wiltshire is not a party to this action, and contribution is an issue to be resolved in a separate proceeding.[4] Simply put, the Court's imposition of joint-and-several liability for Defendants' breach of contract is not an irreparable injury.

Third, Gilliland will suffer substantial injury if the judgment is stayed. Notwithstanding Defendants' protestations, a stay will further delay and complicate Gilliland's ability to recover what he is owed. Doc. 58 ¶ 15; Doc. 61 at 5. Gilliland obtained judgment in his favor more than one year ago. Doc. 55. Yet, Defendants ask him to wait indefinitely to receive funds he is lawfully owed. Doc. 1; Doc. 55; Doc. 58. That delay is both unnecessary and unreasonable; "Every moment that the judgment is not executed is a moment that Plaintiffs are deprived of the use of their assets." *Spizizen v. Nat'l City Corp.*, 2012 U.S. Dist. LEXIS 207116, at *14 (E.D. Mich. Nov. 5, 2012) (analyzing the substantial injury factor under Rule 62(b)). This factor weighs against staying execution.

---

1986); *cf. Strong v. Laubach*, 443 F.3d 1297, (10th Cir. 2006) ("A judgment debtor who is unable or is unwilling to post a supersedeas bond retains the right to appeal even if the judgment is executed….Should the judgment be reversed on appeal, a district court may…order the judgment creditor to restore the benefits obtained." (internal citations omitted)). In the event that Defendants later show that the judgment is erroneous, they will still be entitled to compensatory relief. And even if payment of a court-ordered judgment is an injury, it is certainly not an irreparable one.

[4] *See Edmonds*, 443 U.S. at 260, n. 8, 271, n. 30 ("If both [wrongdoers] are already before the court… a separate contribution action is unnecessary…[A] concurrent tortfeasor generally may seek contribution from another…, but he is not relieved from liability for the entire damages even when the nondefendant tortfeasor is immune from liability.")

Fourth, and finally, public interest does not support staying the judgment. Defendants invoke notions of "fundamental unfairness" and "judicial efficiency and economy" in support of their position, but neither argument is persuasive. Doc. 61 at 7-9. As explained above, holding Defendants to their legal obligations is not fundamentally unfair, and requiring joint wrongdoers to pursue contribution in a separate action does not create logically inconsistent judgments. *See* Doc. 58 ¶ 10; Doc. 61 at 7. As Gilliland notes, a stay secured by a bond disadvantages all parties: "Defendants will have to part with cash or collateral sufficient to satisfy the judgment in order to post a bond, Plaintiff will not receive what he is owed, interest will continue to accrue on Defendants' obligations, and this case will remain on the Court's docket indefinitely." Doc. 60 at 10. Gilliland's points are well-taken. The Court resolves this factor in his favor and against the Defendants.

In short, every one of the *Hilton* considerations falls on Gilliland's side of the ledger. 481 U.S. at 776. The Court therefore concludes that Defendants have fallen short of demonstrating entitlement to a stay under Rule 62(b).

Defendants' other arguments are unavailing. Their references to N.M. Stat. Ann. Section 39-1-13 (2024) are inapposite; that provision applies only in those cases when a defendant confesses to partial or full liability. Doc. 58 ¶ 7. They claim that "[r]efusing a stay may visit an irreversible harm on applicants" while "granting it will apparently do no permanent injury to respondents." Doc. 58 ¶ 9; Doc. 61 at 3, 9. Defendants cite *Philip Morris USA Inc. v. Scott* to support that proposition, but that decision is not on point. 561 U.S. 1301, 1302 (2010). *Philip Morris* addresses stays during the pendency of an appeal to the U.S. Supreme Court, which is plainly not the circumstances presented here. 28 U.S.C § 2101(f) ("In any case in which the final judgment or decree of any court is *subject to review by the Supreme Court* on writ of certiorari…")

(emphasis added). Defendants further claim that "in a case with multiple defendants, judgment should not be entered against a defaulting defendant before the case has been decided on the merits as to the remaining defendants." *Wilcox v. Raintree Inns of Am., Inc.*, 76 F.3d 394 *2 (10th Cir. 1996) (*citing Frow v. De La Vega*, 82 U.S. 552, 554 (1872)). This holding, which is colloquially known as the *Frow* rule, is inapplicable. No default is at issue here. *Mays v. Ct. Servs., Inc.*, No. CV 09-662-KG-KBM, 2014 WL 12789019 *2 (D.N.M. Aug. 19, 2014).

**CONCLUSION**

In conclusion, the Court has discretion to issue a stay under Federal Rule of Civil Procedure 62(b), using the four *Hilton* factors. All four factors weigh against a stay in this case: Defendants fail to show a likelihood of success on the merits of their state court litigation; they will not suffer irreparable injury from paying the judgment in full; Gilliland will suffer substantial injury from the continued delay in enforcing his contract; and public policy weighs in favor of enforcing the judgment and finishing this litigation. For the foregoing reasons, the Court denies Defendants' Motion to Stay Judgment.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA